S90A0836. DEPARTMENT OF TRANSPORTATION v.
MOSEMAN CONSTRUCTION COMPANY.
(393 SE2d 258)

SMITH, Presiding Justice.

The appellee, Moseman Construction Company (Moseman), filed a complaint for additional compensation under a contract between it and the appellant, Georgia Department of Transportation (DOT). The DOT filed a motion to dismiss which was denied by the trial court. We affirm.

The appellee is a firm organized under California law with its principal place of business in Denver, Colorado. Its action against the DOT alleged that the DOT owed it additional money for work done on the I-85/I-285 interchange south of Atlanta. The DOT moved to dismiss based on Moseman's noncompliance with the Georgia Nonresident Contractors Act (NCA), OCGA § 48-13-30 et seq.

The NCA provides that nonresident contractors must register with the Revenue Commissioner for all contracts in Georgia exceeding $10,000; pay a $10 fee for all such contracts; appoint the Secretary of State as its agent for service of process in Georgia; and, prior to beginning work, post a bond for 10% of the amount of the contract with the Revenue Commissioner to cover all taxes and unemployment contributions that may accrue to the State under the contract. The purpose of the NCA is revenue collection enhancement or, in other words, protection of the State and its political subdivisions from nonresident contractors who leave the State without paying their taxes and unemployment contributions. *Clover Cable of Ohio, Inc. v. Heywood*, 260 Ga. 341, 343 (392 SE2d 855) (1990).

Moseman did not comply with the NCA prior to beginning work on the interchange, and for that reason the DOT claims its action must be dismissed under the NCA's forum-closing provision, OCGA § 48-13-37, which provides:

> No contractor who fails to register with the commissioner as required by this article or who fails to comply with any provision of this article shall be entitled to maintain an action to recover payment for performance on the contract in the courts of this state.

Although Moseman did not comply prior to beginning its work, it did, as part of its contract with the DOT, sign performance and payment bonds for 100% of the amount of the contract ($28 million) that expressly covered the payment of all State and local taxes. Additionally, prior to completion of the project, Moseman completed all steps to comply with the NCA. The DOT correctly asserts that OCGA § 48-13-32 (b) states: "The execution and filing of the bond required by

[the NCA] shall be a condition precedent to commencing work on any contract in this state." However, failure to file such a bond does not invalidate the contract, *Taco Bell Corp. v. Calson Corp.*, 190 Ga. App. 481 (379 SE2d 6) (1989), nor does it prevent a nonresident, noncomplying contractor from commencing its work under a contract in the State unless the Attorney General, the Revenue Commissioner, or the county attorney of any county where the work is to be performed "proceed[s] by injunction to prevent any activity in the performance of the contract. . . ." OCGA § 48-13-33. More importantly, a contractor's failure to comply with the pre-performance registration and bonding requirements of the NCA is subject to the cure provision of OCGA § 48-13-33 which allows a contractor's work to be enjoined "until the registration is made and the bond is executed and filed." Id. The statutory scheme contemplates the possibility of cure by allowing late registration and bonding. Additionally, OCGA § 1-3-1 (c) provides that "substantial compliance with any statutory requirement . . . shall be deemed and held sufficient . . ." and this Court held in *Clover Cable*, supra, 260 Ga. at 344:

> [L]ate registration and payment of all taxes and revenues due the state and its political subdivisions constitute substantial compliance with the requirements of the [NCA], thus removing the bar to maintenance of an action on the contract.

We find unpersuasive the appellant's argument that allowing this suit will defeat the purpose of the NCA by negating any incentive for nonresident contractors to comply with the NCA until they contemplate needing the State's courts. The purpose of the NCA is fulfilled where the nonresident contractor has registered its contract with the Revenue Commissioner and has posted the necessary bond to cover its possible liability to the State. Moreover, the incentive for nonresident contractors to comply with the NCA prior to beginning work in the State is sufficiently present in that the Attorney General, the Revenue Commissioner, or the county attorney may choose to enforce the act through the injunction provision of OCGA § 48-13-33.

Denying a nonresident contractor access to court when it has met the NCA's requirements and has its liability to the State covered by the necessary bond would be too harsh a penalty. As this Court stated in *Clover Cable*, supra, 260 Ga. at 343, "the permanent forfeiture of the nonresident contractor's claim . . . because of the contractor's failure to register and bond the parties' contract is a draconian penalty which the courts incline against." Because Moseman has now met the requirements of the NCA and has its liability to the State covered by the necessary bond, we hold that Moseman has substantially com-

plied with the NCA, and, thus, the trial court did not err in denying the DOT's motion to dismiss.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 12, 1990 —
RECONSIDERATION DENIED JULY 26, 1990.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Lawson & Davis, G. Thomas Davis, for appellant.*

*Rogers & Hardin, James W. Beverage, Lian A. Schleifer, Richard H. Sinkfield, Theodore J. Sawicki, Bryan, Schiffrin, McMonagle & Twiss, Carroll L. Bryan II, Daniel W. Galvin, William R. Zoberst, for appellee.*

*Michael J. Bowers, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, Amelia Waller Baker, Smith, Currie, & Hancock, Overton A. Currie, Brian G. Corgan, Frederick L. Wright II, amici curiae.*